OPINION
{¶ 1} Defendant, Yon R. Bivens, appeals the judgment of the Franklin County Court of Common Pleas imposing the maximum sentence for aggravated vehicular homicide, a violation of R.C. 2903.06 and a felony of the first degree.
{¶ 2} On November 12, 2000, at approximately 5:40 p.m., while driving an automobile on Refugee Road, defendant collided into the rear of an automobile driven by Tanisha Jones. Tanisha Jones and defendant exchanged information. About ten minutes later, defendant rear-ended another vehicle driven by Cathryn Wood on Refugee Road. Defendant falsely identified himself when exchanging information with Cathryn Wood. Tanisha Jones drove by the second collision and called 911. Before the police arrived, defendant left the scene traveling westbound on Refugee Road.
{¶ 3} By 6:00 p.m., defendant was driving westbound on Frank Road. He lost control of his car, struck the right curb and, veering into oncoming traffic, collided with an automobile driven by John Crabtree. John Crabtree was taken to Mt. Carmel Hospital where he was pronounced dead. Defendant's blood alcohol content was measured at 0.22. Defendant's driver's license had been suspended because of a recent conviction for driving under the influence.
{¶ 4} On December 11, 2000, the Franklin County Grand Jury returned a seven-count indictment. Count one of the indictment charged defendant with aggravated vehicular homicide.
{¶ 5} On October 23, 2001, pursuant to an agreement with the prosecuting attorney, defendant pleaded guilty to count one of the indictment and the prosecuting attorney moved to dismiss the remaining counts. The trial court accepted defendant's guilty plea and dismissed the remaining counts.
{¶ 6} On December 11, 2001, defendant appeared for sentencing. The trial court noted that defendant had a "lengthy" traffic record and that he had "tested at 22 hundredths of one percent which is twice over the legal level." The trial court then stated:
{¶ 7} "* * * Quite frankly, I did look for a way where I could impose a sentence less than the maximum but just in looking at your record, and the facts of the case I cannot find any reason not to impose the maximum penalty. So therefore I do find it is the worst form of offense, and I did find that you continued to violate the law."
{¶ 8} In imposing a maximum ten year determinate sentence, the trial court's judgment entry states:
{¶ 9} "The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C.2929.12, and the Court stated on the record its reasons for imposing this sentence. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is mandatory pursuant to R.C. 2929.13(F).
{¶ 10} "* * *
{¶ 11} "After imposing sentence, the Court gave its finding and stated its reasons for the sentence as required by R.C. 2929.19(B)(2)(a)(b) and (c)(d) and (e)."
{¶ 12} On appeal here, defendant raises a single assignment of error:
{¶ 13} "The Court erred in imposing the maximum prison sentence for a first time felony offender and did not comply with the statutory requirements regarding reasons and findings to be placed on the record."
{¶ 14} R.C. 2929.14(A) states:
{¶ 15} "* * * the court shall impose a definite prison term that shall be one of the following:
{¶ 16} "(1) For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, or ten years."
{¶ 17} R.C. 2929.14(B) states:
{¶ 18} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 19} R.C. 2929.14(C) states:
{¶ 20} "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *."
{¶ 21} R.C. 2929.19(B)(2)(d) states:
{¶ 22} "The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
{¶ 23} "If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term[.]"
{¶ 24} State v. Edmonson (1999), 86 Ohio St.3d 324, generally sets forth the law and analysis applicable here. The Edmonson court affirmed a court of appeals judgment that the cause should be remanded for resentencing.
{¶ 25} In Edmonson, the trial court had sentenced the defendant (Edmonson) to the maximum term of imprisonment for one count of aggravated robbery even though it was Edmonson's first prison sentence.
{¶ 26} The Edmonson court noted that Ohio law favors minimum sentences for first time imprisonment and maximum sentences are disfavored generally. For instance, R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. And R.C. 2929.14(C) and 2929.19(B)(2)(d) prevent a court from imposing a maximum sentence for a single offense unless the court records findings that give its reasons for selecting the maximum. Edmonson's sentencing raised both of those issues because Edmonson was convicted of a single offense, was faced with imprisonment for the first time, and was sentenced to the maximum term of imprisonment.
{¶ 27} Defendant's sentencing likewise raises both issues here. Defendant was convicted of a single offense, was faced with imprisonment for the first time, and was sentenced to the maximum term of imprisonment.
{¶ 28} In construing R.C. 2929.14(B), the Edmonson court held that unless the trial court imposes the shortest term authorized on a felony offender who has never served a prison sentence, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. However, R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum sentence.
{¶ 29} Here, the record of the sentencing hearing fails to reflect that the trial court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Accordingly, the trial court failed to comply with R.C.2929.14(B). Edmonson, supra.
{¶ 30} In construing R.C. 2929.14(C), the Edmonson court held that R.C. 2929.19(B)(2)(d) requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed" if the sentence is for one offense and is the maximum term allowed for that offense, and requires a trial court to set forth its "reasons for imposing the maximum prison term."
{¶ 31} Here, the trial court did state on the record that defendant's conduct was the "worst form of the offense," a finding that can support the imposition of the maximum sentence under R.C. 2929.14(C). However, the trial court's finding fails to comply with R.C. 2929.12. This court's decision in State v. Hess (May 13, 1999), Franklin App. No. 98AP-983 is instructive. This court, in Hess, stated:
{¶ 32} "R.C. 2929.12(B) requires the trial court to consider whether the offender's conduct is more serious than conduct normally constituting the offense. R.C. 2929.12(C) requires the trial court to consider whether mitigating factors exist to support a conclusion that the offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) require the trial court to consider the likelihood of the offender's recidivism. Once a trial court decides to impose the maximum prison sentence allotted for an offense, the trial court must give its reasons for selecting the sentence. R.C.2929.19(B)(2)(d).
{¶ 33} "In order for an appellate court to adequately review the trial court's reasons for selecting the maximum prison sentence, as well as the trial court's consideration of the seriousness of the offense, we conclude that a trial court making the sentencing determination must list those factors set forth in R.C. 2929.12(B), (C), (D) and (E) that are present in the case under review. After making such a list, the trial court must explain how an analysis and a weighing of those factors support an imposition of the maximum prison sentence as allowed under R.C. 2929.14(C). Without such an analysis, an appellate court is unable to determine whether the trial court in a sentencing hearing fulfilled its obligation to consider those factors specified under R.C. 2929.19(B), (C), (D) and (E)."
{¶ 34} Here, the trial court did note factors indicating that defendant's conduct was more serious than conduct normally constituting the offense. However, the trial court failed to indicate on the record whether or not mitigating factors exist, and, if so, how an analysis and a weighing of those factors support an imposition of the maximum prison sentence. Hess, supra.
{¶ 35} Accordingly, we sustain defendant's single assignment of error. We remand this cause for resentencing in accordance with this court's opinion.
Judgment reversed and cause remanded for resentencing.
BOWMAN and BRYANT, JJ., concur.
GLASSER, J., retired of the Sixth Appellate District, assigned by active duty under authority of Section 6(C), Article IV, Ohio Constitution.